UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

DEVIN FAGAN,

                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, INSPECTOR ROBERT
BOYCE, SERGEANT ROBERT HENDERSON, Shield #
2019, POLICE OFFICER ADAM WRIGHT, POLICE
OFFICER SELWYN FONROSE, OFFICER JOHN DOE,

                                 Defendants.

--------------------------------------------------------------------- x

Docket No.

**COMPLAINT AND
JURY DEMAND**

## PRELIMINARY STATEMENT

    1.      This is a civil rights action in which plaintiff seeks relief for the violation of his

rights secured by 42 USC §§ 1981, 1983, 1985(3), and 1986, Fourth and Fourteenth

Amendments to the United States Constitution, and the laws and Constitution of the State of

New York.

    2.      The claim arises from a September 10, 2004 incident in which Officers of the

New York City Police Department ("NYPD"), acting under color of state law, intentionally and

willfully subjected plaintiff to, inter alia, false detention, unlawful search, assault and battery.

    3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

    4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and §1985 and

the Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party

jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## **PARTIES**

7.      Plaintiff is an African-American citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8.      The City of New York is a municipal corporation organized under the laws of the State of New York.

9.      New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant.  The Commissioner is sued in his individual and official capacities.

10.      Inspector Robert Boyce ("Inspector Boyce") was at all times here relevant the Commanding Officer of the 67th Precinct and, as such, was a policy maker and supervisor with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  Inspector Boyce is sued in his individual and official capacities.

11.      All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12.      At all times here mentioned defendants were acting under color of state law, to

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13.     At approximately 4:20 p.m. on September 10, 2004, plaintiff was inside of a parked vehicle with Nathaniel Green on Winthrop Street near the corner of 92nd Street in Brooklyn, New York when he was approached by a defendant police officer.  The officer told plaintiff to produce his driver's license and the insurance card and vehicle registration for the vehicle and demanded that he exit the car without any probable cause, reasonable suspicion or any lawful purpose whatsoever.  When plaintiff exited the vehicle he was unlawfully searched by a defendant officer.  Other defendant officers unlawfully searched the automobile.

14.     At all times during the events described above, the defendant police officers were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  Each officer was in a position to stop the unlawful conduct, but failed to do so.

15.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

16.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

        a.      Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

        b.      Violation of his New York State constitutional rights under Article 1,

Section 12 to be free from an unreasonable search and seizure;

       c.     Violation of his right to be free from racial discrimination pursuant to the

Fourteenth Amendment of the United States Constitution;

       d.     Violation of his right to Due Process of Law under the 14th Amendments

to the United Stated Constitution;

       e.     Violation of his New York State Constitutional right under Article 1,

Section 6 to Due Process of Law;

       f.     Emotional trauma and suffering, including fear, embarrassment,

humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

       g.     Loss of liberty;

       h.     Attorney's and court fees.

### FIRST CAUSE OF ACTION
(42 USC § 1983 FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSITUTION
OF THE UNITED STATES – UNLAWFUL AUTOMOBILE STOP)

17.     The preceding paragraphs are here incorporated by reference.

18.     Defendants subjected plaintiff to an unlawful stop of his automobile without

probable cause or any other lawful justification that a traffic violation or any criminal conduct

had occurred.

19.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights

under color of law and have conspired to deprive his of such rights and are liable to plaintiff

under 42 USC § 1983 and the New York State Constitution.

20.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable

searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution.  Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200, 000.00) dollars.

**SECOND CAUSE OF ACTION**
(42 USC § 1983 FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSITUTION OF THE UNITED STATES – UNLAWFUL DETENTION)

22.     The preceding paragraphs are here incorporated by reference.

23.     Defendants subjected plaintiff to unlawful detention and deprivation of liberty without probable cause, reasonable suspicion, or any other lawful justification.

24.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive his of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

25.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

26.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200, 000.00) dollars.

**THIRD CAUSE OF ACTION**
(42 USC § 1983 FOURTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – ILLEGAL SEARCH OF PERSON)

27.     The preceding paragraphs are here incorporated by reference.

28.     Defendants subjected plaintiff to a search of his person without any legal justification.

29.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

30.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

31.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200,000.00) dollars.

**FOURTH CAUSE OF ACTION**
(42 USC § 1983 FOURTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – ILLEGAL SEARCH OF AUTOMOBILE)

32.     The preceding paragraphs are here incorporated by reference.

33.     Defendants subjected plaintiff to a search of his automobile without any legal justification.

34.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

35.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

36.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200,000.00) dollars.

**FIFTH CAUSE OF ACTION**
(42 USC §§ 1981, 1983 FOURTEENTH AMENDMENT TO THE CONSITUTION OF THE UNITED STATES – EQUAL PROTECTION)

37.     The preceding paragraphs are hereby incorporated by reference.

38.     Defendants intentionally discriminated against plaintiff when they stopped his automobile.

39.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

40.   Defendants' conduct deprived plaintiff of his right to be free of intentional discrimination, pursuant to the Fourteenth Amendment to the United States Constitution and 42 USC § 1981.

41.   Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200,000.00) dollars.

## SIXTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

42.   The preceding paragraphs are here incorporated by reference.

43.   The City, the Commissioner and the Inspector are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

44.   The City, the Commissioner and the Inspector knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

45.   The aforesaid event was not an isolated incident.  The City, the Commissioner and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for a stop, search, and detention, and the observations required to support probable cause and reasonable suspicion.  Furthermore, the City, the Commissioner and the Inspector have aware from some time (from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and highly-publicized reports by the

New York State Attorney General's office, and the United States Commission on Civil Rights) that many of their police officers use unconstitutional race-based observations as the basis for stopping and searching citizens. The City, Commissioner and Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers violate the constitutional rights of citizens without fear of reprisal. The City, Commissioner and Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner and Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

46.     The City, the Inspector and the Commissioner knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and the Captain failed to take corrective action.

47.     The City, the Inspector and the Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

48.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City and the Inspector and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of

plaintiff's rights here alleged.

49.     Defendants City of New York, the Commissioner and the Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

50.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City the Commissioner and the Inspector in the amount of Two Hundred Thousand ($200,000.00) dollars.

## SEVENTH CAUSE OF ACTION
### (42 USC § 1983, § 1985)

51.     The preceding paragraphs are here incorporated by reference.

52.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983, and § 1985  and the New York State Constitution.

53.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the 14th Amendment of the United States Constitution.  Defendants conduct also deprived plaintiff of his right to equal protection under the law.

54.     Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Two Hundred Thousand ($200,000.00) dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.      In favor of plaintiff in the amount of Two Hundred Thousand ($200,000.00)

dollars for each of plaintiff's Causes of Action;

       B.     Awarding plaintiff punitive damages in the amount of Two Hundred Thousand

($200,000.00) dollars for each of plaintiff's Causes of Action;

       C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

action; and

       D.     Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

       Plaintiff demands a trial by jury.

DATED:     Brooklyn, New York
              January 18, 2006

TO:   New York City               Yours, etc.,
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007           LEO GLICKMAN, ESQ.
                                Bar #LG3644
      Police Commissioner Raymond W.    Attorney for Plaintiff
      Kelly                      72 Nevins Street
      1 Police Plaza              Brooklyn, NY  11217
      Room 1406               (718) 852-0507
      New York, NY 10006          lglickman@earthlink.net

      Inspector Robert Boyce
      67th Police Precinct
      2820 Snyder Avenue
      Brooklyn, NY 11226

      Sergeant Robert Henderson
      67th Police Precinct
      2820 Snyder Avenue
      Brooklyn, NY 11226

      Police Officer Adam Wright
      67th Police Precinct
      2820 Snyder Avenue
      Brooklyn, NY 11226

Police Officer Selwyn Fonrose
Brooklyn South Task Force
1 Police Plaza
New York, NY 10006